**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIZABETH CHUNG,

 Plaintiff-Appellant,

v.

CHUNG YUNG-HUI; INTERTRUST
(BAHAMAS) LIMITED

 Defendants-Appellees.

No. 24-1318

D.C. No. 5:22-cv-01983-PCP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
P. Casey Pitts, District Judge, Presiding

Argued July 9, 2025
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.[**]

This case relates to a marital dissolution proceeding in California state court,

in which plaintiff-appellant Elizabeth Chung ("Elizabeth") alleges that her

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

estranged spouse, David Chung ("David"), placed marital assets into a series of trusts that were purportedly settled by David's mother, the late Chung Peng Chih-Mei ("Chih-Mei").[1] David contends that the disputed assets, which are presently held in trust by defendant-appellee Intertrust (Bahamas) Limited ("Intertrust"), belonged to Chih-Mei. In this action, Elizabeth seeks, *inter alia*, (1) a declaration that the disputed assets were not and were never Chih-Mei's and (2) corresponding injunctive relief. Elizabeth timely appeals from the district court's order granting Intertrust's and Chih-Mei's motions to dismiss for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's grant of a motion to dismiss *de novo*. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017). "The plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Id.* (cleaned up). The complaint's uncontroverted allegations are deemed true, and factual disputes are resolved in favor of the non-moving party. *See id.*

The district court correctly held that Chih-Mei is not subject to specific personal jurisdiction in California. Elizabeth has not met her burden to establish that her claims "arise out of" or "relate to" Chih-Mei's alleged contacts with

---

[1] Chih-Mei died while this case was pending before the district court, but no party moved to substitute her daughter and personal representative, Chung Yung-Hui, until this Court issued an order to show cause shortly before oral argument. Chung Yung-Hui has now been substituted as defendant-appellee.

California. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). First, Elizabeth's claims "arise out of" the alleged events surrounding the creation of the original Maple Family Trust in 2004. It was at that point, when Elizabeth and David resided in Hong Kong and Chih-Mei resided in Taiwan, that David allegedly disguised marital assets as Chih-Mei's assets and that Elizabeth acquiesced in that wrongful conduct by not challenging it in any legal action at that time (or indeed for many years thereafter).

Although Elizabeth alleges that thereafter David (as Chih-Mei's purported agent) provided investment advice from California and directed that trust assets be invested in the parent of a California corporation, she does not allege any wrongful transfer of marital assets potentially constituting a "but for" cause of her claims other than the original transfer in 2004. *See, e.g.*, *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991). Moreover, at oral argument, Elizabeth's counsel conceded that the assets presently in dispute wholly derive from the assets that were placed in trust in 2004.

Second, although the district court did not address whether Elizabeth's claims "relate to" Chih-Mei's contacts with California, Elizabeth's argument that they do would expand the "relates to" standard far beyond the bounds that the Supreme Court and this Court have set. While that standard "contemplates that some relationships will support jurisdiction without a causal showing," it also

"incorporates real limits" and requires a showing similar to a defendant's ongoing and systematic marketing of a product in the forum state. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 362, 364-66 (2021); *see also Yamashita v. LG Chem, Inc.*, 62 F.4th 496, 506 (9th Cir. 2023). Nothing remotely similar occurred here.

The district court also correctly held that Intertrust is not subject to personal jurisdiction in California. The district court did not decide whether Intertrust purposefully availed itself of the privileges of doing business in California when it (1) adopted a corporate resolution listing David's California address and appointing him as "Investment Advisor" of one of the trusts at issue and (2) subsequently executed David's investment instructions. *See Silk v. Bond*, 65 F.4th 445, 457-58 (9th Cir. 2023) (finding purposeful availment where out-of-state estate's decedent appointed advisor who lived and worked in California). But even assuming that Intertrust thereby purposefully availed itself of California, Elizabeth has again not carried her burden to demonstrate that her claims "arise out of" or "relate to" Intertrust's contacts. Intertrust's appointment of David as investment advisor cannot be a "but for" cause of David's alleged wrongful transfer of marital assets to Chih-Mei because Intertrust appointed David eight years *after* the alleged transfer occurred. Nor, for the same reason, can there be a causal relationship between Elizabeth's claims and any investment decisions that David made on

Intertrust's behalf in his capacity as investment advisor. And Elizabeth's claims do not "relate to" Intertrust's California activities because she has not shown that Intertrust engaged with California in the continuous or deliberate manner that is necessary to support the exercise of specific personal jurisdiction. *See Ford*, 592 U.S. at 361-65.

Because the district court correctly held that Chih-Mei and Intertrust are not subject to specific personal jurisdiction in California, we do not reach the alternative grounds for affirmance proffered by defendants-appellees.

**AFFIRMED.**